ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
FRANK J. ANDERS, ESQ., S.B. #227208
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiff
DONALD CANTLIN, JR.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DONALD CANTLIN, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GENERAL ELECTRIC COMPANY, ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> ) | No. C 08-00982-JCS <br><br> JOINT MOTION AND STIPULATION TO STAY PROCEEDING OR, IN THE ALTERNATIVE, TO CONTINUE CASE MANAGEMENT DEADLINE AND CONFERENCE, AND TO EXTEND TIME; [PROPOSED] ORDER TO STAY; [PROPOSED ALTERNATIVE] ORDER TO CONTINUE |

Pursuant to Civil L. R. 7-11 and 7-12, the following parties hereby stipulate to, and respectfully move the Court for, an Order extending time as set forth in the *Case Management Scheduling Order* filed February 15, 2008 (Document 2), for the following good cause:

On March 17, 2008, Defendant GENERAL ELECTRIC COMPANY filed Document 6, a Notice to Tag Along Action regarding the pending Multidistrict Litigation ("MDL") in the Eastern District of Pennsylvania, seeking among other things, to move Jurisdiction of this matter to that District. (Defendant GENERAL ELECTRIC COMPANY has faxed counsel copy of a cover letter showing that this notice was mailed to the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407, said notice to the JPML from counsel being necessary to initiate the transfer process.)

On July 29, 1991, the JPML entered an order transferring all asbestos personal injury cases pending in the federal courts to the United States District Court for the Eastern District of Pennsylvania, for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. (*In re Asbestos Products Liability Litigation (no. VI). MDL No. 875.*, 771 F.Supp. 415 (1991)). That order also applies to "tag-along actions," or actions involving common questions of fact filed after January 17, 1991. Such actions are to be transferred to the eastern District of Pennsylvania as part of MDL 875, for coordinated pretrial proceedings.

The JPML has held that a district court has the authority to stay pending a transfer order. *In re Asbestos Products Liability Litigation,* 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) ("[T]hose courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.")

The parties agree that it is likely that the JPML will transfer this matter to the Eastern District of Pennsylvania. The Clerk of the JPML has not entered a *Conditional Transfer Order* pursuant to JPML Rule 12(a) or filed an order to show cause why the action should not be transferred, pursuant to JPML Rule 13(b). It is likely the dates set forth in the *Case Management Scheduling Order* including the deadlines imposed by Federal Rules of Civil Procedure, Rule 26, will pass before the Clerk of the JPML acts.

In addition, Plaintiff is attempting to serve Defendant CRAMP SHIPBUILDING AND DRYDOCK COMPANY.

The parties make this Motion on the grounds that a stay of this action would (a) promote judicial efficiency, (b) allow consistency in pretrial rulings, and (c) be most convenient to the parties.

For the reasons above, the parties hereby STIPULATE to and respectfully request the Court VACATE its *Case Management Scheduling Order* and that the Court issue an Order STAYING this action pending the outcome of the MDL Panel's decision on the merits of the transfer.

////

1  In the alternative, the parties hereby STIPULATE to and respectfully request that this
2  Court vacate and continue the dates set forth in the *Case Management Scheduling Order* pending
3  the outcome of the JPML's decision on the merits of the transfer.

4  Dated: April 9, 2008                              BRAYTON❖PURCELL LLP

5                                                    /s/  David R. Donadio

6                                                    By: _____
7                                                         David R. Donadio
                                                          Attorneys for Plaintiff
8
   Dated: April 9, 2008                              SEDGWICK, DETERT, MORAN &
9                                                    ARNOLD, LLP

10                                                   /s/  Derek S. Johnson

11                                                   By: _____
                                                          Derek S. Johnson
12                                                        Attorneys for Defendant
                                                          GENERAL ELECTRIC COMPANY
13
   Dated: April 9, 2008                              CARROLL, BURDICK & MCDONOUGH LLP
14
                                                     /s/  John G. Lee
15
                                                     By: _____
16                                                        John G. Lee
                                                          Attorneys for Defendant
17                                                        WARREN PUMPS LLC

18

19

20

21

22

23

24

25

26

27

28

K:\Injured\108190\Fed\Stip stay or cont (Cantlin).wpd         3
JOINT MOTION AND STIPULATION TO STAY PROCEEDING OR, IN THE ALTERNATIVE, TO
CONTINUE CASE MANAGEMENT DEADLINES – C 08-00982-JCS

1                      [PROPOSED]     **ORDER TO STAY**

2         IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Case Management Scheduling Order* filed February 15, 2008 are hereby VACATED and that this action is STAYED pending the outcome of the JPML's decision on the merits of the transfer.

6 Dated: _____

7                                                   _____
                                                  Joseph C. Spero
8                                                   United States Magistrate Judge

10 [PROPOSED *ALTERNATIVE*]     **ORDER TO CONTINUE**

11         IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Case Management Scheduling Order* filed February 15, 2008, are hereby VACATED.

13         IT IS FURTHER ORDERED that the following case management deadlines are continued as follows:

15         1.      The Case Management Conference is set for [a date after September 1, 2008 to wit:] _____, 2008; at _____ \_\_.m., Courtroom \_\_\_\_, \_\_\_\_\_th Floor, 450 Golden Gate Avenue, San Francisco, California.

18         2.      Last day to meet and confer regarding initial disclosures, early settlement, ADR process selection, and discovery plan is set for 21 days before the Case Management Conference as set forth in paragraph 1, above.

21         3.      Last day to file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference is set for 21 days before the Case Management Conference as set forth in paragraph 1, above.

24 ////
25 ////
26 ////
27 ////
28 ////

1  4. Last day to complete initial disclosures or state objection to Rule 26(f) Report, file/serve Case Management Statement and file/serve Rule 26(f) Report is set for five court days before the Case Management Conference as set forth in paragraph 1, above.

Dated: _____

_____ .
Joseph C. Spero
United States Magistrate Judge